Dear Representatives Richard Williamson,
¶ 0 The Attorney General has received your letter asking for an official opinion addressing the following question:
Does Oklahoma's price affirmation statute, title 37 O.S.536.1 (1988) and relevant ABLE Commission rules relatedthereto, violate the Commerce Clause of the United StatesConstitution in light of the Supreme Court's decision in Healyv. The Beer Institute, 57 U.S.L.W. 4748 (June 19, 1989), which held that Connecticut's price affirmation statute was in violation of the Commerce Clause of the United States Constitution and therefore, unconstitutional.
¶ 1 Title 37 O.S. 536.1 (1988) states: "No distiller shall sell alcoholic beverages to a wholesaler licensed under the Oklahoma Alcoholic Beverage Control Act at a rate higher than the lowest rate at which such distiller sells in any other state."
¶ 2 The Alcoholic Beverage Laws Enforcement (ABLE) Commission rules regarding the posting of the affirmed prices state in pertinent part:
Article 3:
 Section 4 (a): All Nonresident Sellers of spirits, wines and cordials and specialties are hereby required on the fifteenth day of each month, to register in the office of the Oklahoma Alcoholic Beverage Laws Enforcement Commission . . . all items of alcoholic beverages, which such Nonresident Seller proposes to offer for sale to licensed Wholesalers in this State . . . All Nonresident Sellers' price shall become effective on the first day of the second month following such registration and shall remain in effect and unchanged for a period of not less than one month.
 Section 21 (a): All distillers, rectifiers, and Nonresident Sellers of distilled spirits, cordials and specialties who are licensed by the Commission are required to register with the Commission all items of alcoholic beverages offered for sale in this State at prices no higher than the lowest price at which any such item is being offered for sale, or sold, to any wholesaler anywhere in any other state.
 INTRODUCTION
¶ 3 The issue that has been before the United States Supreme Court regarding the constitutionality of various states' liquor affirmation statutes centers around the practical effect of the affirmation statutes on interstate commerce. The statutes have been categorized by the Court as retrospective, prospective or contemporaneous in effect.
¶ 4 A retrospective affirmation statute requires the distiller to post a price with the relevant state authority, that the distiller will charge for its product sold in the state based on a price which the distiller affirms is no higher than the lowest price which the distiller sold his product during previousmonths in any other state. A prospective affirmation statute requires the distiller to post a price that will be charged for its product sold in the state based on a price which the distiller affirms is no higher than the lowest price which the distiller will sell his product during future months in any other state. A contemporaneous statute requires the distiller to post a price that will be charged for its product based on a price which the distiller affirms is no higher than the lowest price which the distiller sells its product in any other stateat the moment of posting. Prior to the Healy decision, the Supreme Court found there to be a constitutional significance between these various categories of statutes. The holding ofHealy has eroded any constitutional significance between these categories. This case has therefore had a meaningful impact on price affirmation statutes, specifically Oklahoma's statute and rules.
 DISCUSSION A. The Healy decision and the retrospective, prospective and contemporaneous distinction.
¶ 5 The recent case at issue is Healy v. The Beer Institute,Inc., 57 U.S.L.W. 4748 (June 19, 1989). The Connecticut statute at issue in Healy required out-of-state shippers of beer to affirm that their posted prices sold to in-state shippers, at the moment of posting, were no higher than prices of products sold to bordering states. Oklahoma's statute differs from the Connecticut statute in that Oklahoma's law requires that when the distiller posts its price, the price is not effective until a month and a half later, while Connecticut requires the posted price to be in effect at the moment of posting. However, this distinction is thought to have no significance as to the validity of the statute under the Commerce Clause after the holding of Healy and the Supreme Court cases which preceded the Healy decision.
¶ 6 Several years prior to the Healy decision, the Supreme Court in Joseph E. Seagram Sons v. Hostetter, 384 U.S. 35,86 S.Ct. 1254, 16 L.Ed. 2d 336 (1966), found that an affirmation statute which was based on prices used by the distiller in months prior to posting in that state, was retrospective in nature and did not violate the Commerce Clause. The Court in a more recent opinion in Brown-Forman Distillers Corp. v. New York StateLiquor Authority, 476 U.S. 573, 106 S.Ct. 2080, 90 L.Ed. 2d 552
(1986), addressed the issue of a prospective affirmation statute and specifically would not reverse its holding in Seagrams but stated:
 If there is a conflict between today's decision and the Seagram decision, however, there will be time enough to address that conflict should a case arise involving a retrospective statute. Because no such statute is before us now, we need not consider the continuing validity of Seagram.
Brown-Forman, 476 U.S. at 584, n. 6.
¶ 7 The Court in Healy finally addressed the issue of any difference between the effect of a retrospective statute and a prospective statute and found that distinction to have no constitutional significance. The Connecticut statute was found to be neither retrospective nor prospective but contemporaneous or in effect at the moment of posting. The Court stated that the Connecticut statute creates competing and interlocking local economic regulation that the Commerce Clause was to preclude. The Court overruled Seagram with regard to a retrospective affirmation statute and the Court adopted the holding ofBrown-Forman.
 B. The Healy decision.
¶ 8 The issue before the Court in Healy was whether Connecticut's contemporaneous posting requirement violated the Commerce Clause.
¶ 9 The Supreme Court held that the statute violated the Commerce Clause, as it regulated commerce outside of the state. The Court stated that while a state may seek lower prices for its consumers, it may not insist producers or consumers in other states surrender whatever competitive advantages they may possess. The Court reasoned that it was impossible for brewers to lower prices in bordering states in response to market conditions so long as it had a higher posted price in effect in Connecticut.
¶ 10 The holding of Healy was that a state may not deprive businesses and consumers in other states of whatever competitive advantages they may possess based on the conditions of the local market. This holding merely affirmed the holding inBrown-Forman, discussed below. The Court further held that the Connecticut statute discriminated against brewers and shippers engaged in interstate commerce because the manufacturer or shipper was free to charge in Connecticut any price so long as it did not sell its product at a lower price in a border state. The statute penalized Connecticut brewers if they sought a border state market or if they sold in a border state. Healy,
57 U.S.L.W. at 4753.
 C. The Healy predecessor, Brown-Forman and its holding.
¶ 11 In Brown-Forman Distiller Corp. v. New York LiquorAuthority, supra, the New York law, which required producers in setting prices for wholesalers in the state to affirm that no lower prices would be charged in other states during the same month, was found to violate the Commerce Clause. The distiller/agent was required to file a price before the twenty-fifth of the month, which was to become effective on the first day of the second following month. The Court found that once a distiller posted a price in New York, it could not change its prices elsewhere in the United States during the relevant month. This forced a merchant to seek regulatory approval in one state before undertaking a transaction in another state and this directly regulated interstate commerce.
¶ 12 The Court determined that New York could not force appellant to abandon its promotional allowance programs in states in which the program is legal or force other states to alter their own regulatory scheme. New York had projected its legislation into other states and directly regulated commerce. The Court specifically left in effect the holding of Seagram
that a retrospective statute may not violate the Commerce Clause, however, the New York statute was prospective in nature and did violate the Commerce Clause. This distinction, as discussed above, was later declared to be of no constitutional significance in Healy.
 D. The Twenty-first Amendment Claim.
¶ 13 The Healy Court specifically rejected the defense of theTwenty-first Amendment. An argument was made that theTwenty-first Amendment permitted the state to regulate liquor pricing as Connecticut had done. The Court in Healy disposed of this argument relying on the Court's prior opinion inBrown-Forman. The Court held:
 In Brown-Forman, the Court specifically held that the Twenty-first Amendment does not immunize state laws from invalidation under the Commerce Clause when those laws have the practical effect of regulating liquor sales in other States. 476 U.S., at 585. Here, as in Brown-Forman, our finding of unconstitutional extraterritorial effects disposes of the Twenty-first Amendment issue.
Healy, 57 U.S.L.W. at 4753.
¶ 14 The Court in Brown-Forman determined that it is well settled that the Twenty-first Amendment does not entirely remove state regulation from the reach of the Commerce Clause. Rather, the Twenty-first Amendment and the Commerce Clause must be considered in light of each other. The Court concluded that while New York has a valid constitutional interest in regulating sales of liquor within New York, the authority to regulate was only within New York and no authority was conferred to regulate sales in other states. The Court's determination that the statute at issue attempts to regulate sales in other states disposed of theTwenty-first Amendment issue. This is the same holding adhered to by the Court in Healy.
 CONCLUSION
¶ 15 Oklahoma's statute appears under the holdings ofBrown-Forman and Healy to be prospective. The ABLE Commission regulation, as in Brown-Forman, requires the posting of a price in Oklahoma which will not be effective until a month and a half following the posted month. The price when posted must not be higher than any other price charged by the distiller in another state for the relevant month. Since the price does not become effective until a month and a half later, the distiller cannot sell its product to another state which does not have a price affirmation statute for a price lower than the price posted in Oklahoma during that month. Therefore, Oklahoma is projecting its legislation into other states, as in the Brown-Forman case. The statute forces a merchant to seek regulatory approval in one state, Oklahoma, before undertaking a transaction in another state which may not have any rules regarding the price at which a distiller may sell its product.
¶ 16 The holding of the Brown-Forman decision affects the constitutionality of Oklahoma's law. However, until the holding of Healy, there was the possibility that Oklahoma could revise its law to make it similar to the Seagram statute, retrospective in nature, and possibly the statute could then pass any constitutional challenges. The holding of Healy now makes Oklahoma's law appear on its face to be in violation of the Commerce Clause in light of the Brown-Forman and Healy
decisions. Oklahoma's affirmation statute and the ABLE Commission rules have the same effect as the statute in Brown-Forman,
which was found to be in violation of the Commerce Clause and therefore, unconstitutional.
¶ 17 In light of the above history of holdings of the Supreme Court, we are compelled to conclude that Oklahoma's price affirmation statute and regulations issued by the ABLE Commission pursuant thereto are violative of the Commerce Clause of the United States Constitution.
¶ 18 It is, therefore, the official opinion of the AttorneyGeneral that Oklahoma's price affirmation statute, 37 O.S.536.1 (1988), and the relevant ABLE Commission rules relatedthereto, are violative of the Commerce Clause of theUnited States Constitution pursuant to the holding of Healy v. TheBeer Institute, 57 U.S.L.W. 4748 (June 19, 1989), and the casesprior thereto.
ROBERT H. HENRY ATTORNEY GENERAL OF OKLAHOMA
DIANE L. SLAYTON ASSISTANT ATTORNEY GENERAL